UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
*Tampa Division*

IN RE:                                  Chapter 11

INEZ MITCHELL,                          Case No: 8-09-bk-21612-KRM

_____Debtor(s)._____/

## AMENDED PLAN OF REORGANIZATION

**COMES NOW** INEZ MITCHELL (hereinafter referred to as the "Debtor") by and through her undersigned attorneys and files this her Plan Of Reorganization (hereinafter referred to as the "Plan") and states as follows:

## A.    UNCLASSIFIED CLAIM(S):

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan Proponent has not placed the following claims in any class:

1.    <u>Administrative Expense Claims</u>. Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under §507(a)(2) of the Code. Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.

Estimated administrative expenses are Twenty Thousand Dollars ($20,000.00) in attorney and accounting fees and shall be paid on or before confirmation or upon entry of an Order, if Court approval is required. The cost of the Clerk of Court for notices and the United States Trustee's quarterly fees will be paid on or before the confirmation hearing.

2.    <u>Priority Tax Claims</u>. Priority tax claims are unsecured income, employment, and other taxes described by §507(a)(8) of the Code. Unless the holder of such a §507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding five (5) years from the order of relief. Their proposed treatment under the Plan:

a)    11 U.S.C. Section 507(a)(8) - Taxes and Certain

1

Other Debts Owed to Governmental Units:

i.   <u>Internal Revenue Service</u>:    This claimant
     shall be paid its allowed claim, in full
     within five (5) years after the date of the
     order for relief and in a manner not less
     favorable than the most favored non-priority
     unsecured claim provided for by the Plan.
     Pursuant to Section 1129(a)(9)(C) and (D),
     this claim must be paid no later than
     September 25, 2014, five (5) years after the
     date of the Order of relief (the "Petition
     Date").    This claim will be paid with the
     statutory interest at the rate in effect at
     the time of confirmation.    This claim will be
     paid in monthly installments commencing thirty
     (30) days from the entry of the confirmation
     order; and

ii.  <u>Department of Revenue</u>: This claimant shall be
     paid their allowed claim, in full within six
     (6) years from the date of assessment shown on
     the proof of claim plus interest at the rate
     set forth in the Internal Revenue Code,
     Section 6601 and 6621, in equal monthly
     installments; and

b)   11 U.S.C. Section 507(a)(3) - Wages, salaries and
     commissions:

     These claimants, if any, shall be paid their
     allowed claim at the statutory rate without
     interest within ninety (90) days of the entry of
     the confirmation order.

## B.   <u>TREATMENT OF CLAIM(S)</u>:

1.   <u>Unimpaired</u>:   These claims are not impaired under this
Plan in accordance with Section 1124 of the Bankruptcy Code.   The
claims in following classes are unimpaired under the Plan:

| Class I | Secured (Tax Collector - retained) |
|---------|-------------------------------------|

2.   <u>Impaired</u>: The treatment prescribed for claims in the Plan
and the Disclosure Statement shall in all events refer exclusively
to the allowed amount of each respective claim.   In the event, the
allowed amount of any claim is not determined by agreement or
otherwise, prior to the effective date, then the treatment
prescribed shall be deemed effective as of the date of the
determination of the allowed amount of each claim by agreement or
through the entry of a final order.   Notwithstanding confirmation

of the Plan, the Debtor shall have the right to object to any claim for any reason authorized by applicable bankruptcy and non-bankruptcy law as well as a right to assert that any claim includes amounts subject to equitable subordination or other equitable relief. The claims in following classes are impaired under the Plan:

| Class I | Secured (Tax Collector - surrendered) |
|---|---|
| Class II | Secured (CitiMortgage) |
| Class III | Secured (JP Morgan Chase) |
| Class IV | Secured (Leslie Estate HOA #3) |
| Class V | Secured (JP Morgan Chase) |
| Class VI | Secured (JP Morgan Chase) |
| Class VII | Secured (JP Morgan Chase) |
| Class VIII | Secured (JP Morgan Chase) |
| Class IX | Secured (Bank of America) |
| Class X | Secured (Bank of America) |
| Class XI | Secured (Wachovia) |
| Class XII | Secured (Washington Mutual) |
| Class XIII | Secured (Wachovia) |
| Class XIV | Secured (Bank of America) |
| Class XV | Secured (Bank of America) |
| Class XVI | Secured (Sunset Lakes) |
| Class XVII | Secured (Countrywide) |
| Class XVIII | Secured (Wolf Creek) |
| Class XIX | Secured (First Horizon) |
| Class XX | Secured (Academy Park OA) |
| Class XXI | Secured (Bank of America) |
| Class XXII | Secured (Wachovia) |
| Class XXIII | Secured (Wachovia) |
| Class XXIV | Secured (Wells Fargo) |

| Class XXV | General Unsecured |
|-----------|-------------------|

3.   Impairment Controversies:  If a controversy arises as to whether any Claim, or any class of Claims, is impaired under the Plan, the Bankruptcy Court shall determine such controversy.

## C.   CLASSIFICATION OF CLAIMS AND PROVISIONS FOR THE PAYMENT OF CLAIMS:

The Creditors were divided into classes, depending on the nature of their respective interest, and the treatment to be afforded under the Plan.  Classes and their intended treatment are set forth below:

1.   Class I:  Class I is the secured claim of the **County Tax Collector(s)**, including any tax certificate holders.  To the extent any tax certificate holders claims are not duplicative of the debt owed to the tax collector(s), claimants in this Class shall be paid as follows:

(a)   Any claims for the real property surrendered shall run with the land and will not constitute a personal liability to the Debtors inasmuch as the property shall be surrendered; and

(b)   Any claim for the retained property shall be paid in full, plus statutory, at the rate in effect at the time of confirmation in twelve (12) equal monthly installments commencing thirty (30) days from the entry of the confirmation Order.  There is no pre-payment penalty for early payment.

These claimant(s) will retain their lien securing their claim(s), post-confirmation to the same extent, validity and priority as existed pre-petition.

### Homestead – 501 Santavita Place, Kissimmee, Florida

2.   Class II:  Class II is the secured claim of **CitiMortgage, Inc.** who holds a first mortgage on Debtor's Homestead in the amount of $420,003.19 **(Claim #18)**.

The secured amount allowed shall be amortized for thirty (30) years at three and one-half percent interest (3.5%) per annum and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.  All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

4

### 3014 NW 203 Lane, Miami, Florida

3.    <u>Class III</u>:  Class III is the secured claim of **JP Morgan Chase** who holds a first mortgage on real property owned by the Debtor in the amount of $21,196.78 **(Claim #16)**.

The secured amount allowed shall be amortized for fifteen (15) years pursuant to the contractual rate of interest and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.   All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

4.    <u>Class IV</u>:  Class IV is the secured claim of **Leslie Estate HOA #3** who holds a security interest in real property owned by the Debtor in the estimated amount of $3,000.00.   The allowed claim will be paid in full within six (6) months from the entry of the Confirmation Order.

### 19620 NW 29 Avenue, Miami, Florida

5.    <u>Class V</u>:  Class V is the secured claim of **JP Morgan Chase**, who holds a first mortgage on real property owned by the Debtor in the amount of $28,361.52 **(Claim #11)**.

The secured amount allowed shall be amortized for fifteen (15) years pursuant to the contractual rate of interest and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.   All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

### 2850 NW 198 Street, Miami, Florida

6.    <u>Class VI</u>:  Class VI is the secured claim of **JP Morgan Chase** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $15,099.91 **(Claim #9)**.

The secured amount allowed shall be amortized for fifteen (15) years pursuant to the contractual rate of interest and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.   All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

### 2876 NW 196 Terrace, Miami, Florida

7.    Class VII:  Class VII is the secured claim of **JP Morgan Chase** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $22,513.27 **(Claim #17)**.

The secured amount allowed shall be amortized for fifteen (15) years pursuant to the contractual rate of interest and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.  All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

### 14680 Polk Street, Miami, Florida

8.    Class VIII:  Class VIII is the secured claim of **JP Morgan Chase** who holds a first mortgage on real property owned by the Debtor in the amount of $15,099.91 **(Claim #14)**.

The secured amount allowed shall be amortized for fifteen (15) years at pursuant to the contractual rate of interest and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.  All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

### 14515 SW - 105 Court, Miami, Florida

9.    Class IX:  Class IX shall consist of the secured claim of **Bank of America** who holds a first mortgage on real property owned by the Debtor in the amount of $86,637.33 **(Claim #8)**.

The secured amount allowed shall be amortized for thirty (30) years at three and one-half percent interest (3.5%) per annum and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order.  All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

10.    Class X:  Class X shall consist of the secured claim of **Bank of America** who holds a second mortgage on real property owned by the Debtor in the amount of $10,638.57 **(Claim #13)**.

The Debtor has obtained an appraisal on this real property having a value of $83,000.00.  Inasmuch as the value of

the collateral is less than the first mortgage, the Debtor has or will file her Motion to Determine Secured Status to strip this lien in accordance with 11 U.S.C. §506 of the Bankruptcy Code. Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV. This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any. If a claim is not filed, it will be barred.

### 2771 NW 193, Miami, Florida

11. <u>Class XI</u>: Class XI shall consist of the secured claim of **Wachovia Bank, NA** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $103,197.76 **(Claim #5)**.

The secured amount allowed shall be amortized for thirty (30) years at three and one-half percent interest (3.5%) per annum and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full. Said payments shall commence thirty (30) days from the entry of the confirmation Order. All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

### 3920 NW 169, Miami, Florida

12. <u>Class XII</u>: Class XII shall consist of the secured claim of **Washington Mutual mortgage** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $22,600.00.

The real property shall be surrendered in total satisfaction of the claim. Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV. This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any. If a claim is not filed, it will be barred.

13. <u>Class XIII</u>: Class XIII shall consist of the secured claim of **Wachovia Bank NA** who holds a second mortgage on real property owned by the Debtor in the estimated amount of $144,515.29 **(Claim #4)**.

The real property shall be surrendered in total satisfaction of the claim. Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV. This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any. If a claim is not filed, it will be barred.

**3920 SW 186 Terrace, Miramar, Florida**

14.  <u>Class XIV</u>:  Class XIV is the secured claim of **Bank of America** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $277,000.00.

The real property shall be surrendered in total satisfaction of the claim.  Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV.  This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any.  If a claim is not filed, it will be barred.

15.  <u>Class XV</u>:  Class XV is the secured claim of **Bank of America** who holds a second mortgage on real property owned by the Debtor in the estimated amount of $182,488.57 **(Claim #7)**.

The real property shall be surrendered in total satisfaction of the claim.  Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV.  This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any.  If a claim is not filed, it will be barred.

16.  <u>Class XVI</u>:  Class XVI shall consist of the secured claim of **Sunset Lakes Master Association** who holds a secured interest on real property owned by the Debtor.  The real property shall be surrendered in total satisfaction of the claim.  Any claim runs with the land and shall not constitute a personal liability to the Debtor.

**13263 Stonepond Drive, Jacksonville, Florida**

17.  <u>Class XVII</u>:  Class XVII shall consist of the secured claim of **Countrywide Home Lending** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $167,651.00.

The real property shall be surrendered in total satisfaction of the claim.  Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV.  This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any.  If a claim is not filed, it will be barred.

18.  <u>Class XVIII</u>:  Class XVIII is the secured claim of **Wolf Creek Townhome OA**, who holds a security interest in the real property of the Debtor in the amount of $389.50 **(Claim #19)**.

The real property shall be surrendered in total satisfaction of the claim. Any claim runs with the land and shall

not constitute a personal liability to the Debtor.

### 3227 Academy Park, Jacksonville, Florida

19.  Class XIX:  Class XIX is the secured claim of **First Horizon Home Loans** who holds a first mortgage on real property owned by the Debtor in the amount of $106,013.17 **(Claim #2)**.

The real property shall be surrendered in total satisfaction of the claim.  Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV.  This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any.  If a claim is not filed, it will be barred.

20.  Class XX:  Class XX is the secured claim of **Academy Park Owners Association**, who holds a security interest in real property of the Debtor in the amount of $1,170.00 **(Claim #12)**.  Any claim runs with the land and shall not constitute a personal liability to the Debtor if surrendered or a short sale occurs.

### 17924 NW 10 Street, Pembroke Pines, Florida

21.  Class XXI:  Class XXI shall consist of the secured claim of **Bank of America** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $86,000.00.

The secured amount allowed shall be amortized for thirty (30) years at three and one-half percent interest (3.5%) per annum and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order or as set forth in the Order determining value of the collateral.  All pre and post-petition arrearages shall be paid in twenty-four (24) months.

22.  Class XXII:  Class XXII shall consist of the secured claim of **Wachovia Bank, NA** who holds a second mortgage on real property owned by the Debtor in the estimated amount of $288,600.13 **(Claim #3)**.

The secured amount allowed being $293,251.29, shall be amortized for thirty (30) years at five and one-half percent interest (5.5%) per annum and the Debtor will pay to this creditor a monthly payment in the amount of $1,768.72, until the total allowed secured claim is paid in full.  Said payments shall commence thirty (30) days from the entry of the confirmation Order in the approximate amount of $1,850.35 per month.

**20868 NW 3 Court, Pembroke Pines, Florida**

23.  Class XXIII:  Class XXIII shall consist of the secured claim of **Wachovia Bank, NA** who holds a first mortgage on real property owned by the Debtor in the estimated amount of $233,604.06 **(Claim #6)**.

The real property shall be surrendered in total satisfaction of the claim.  Any deficiency balance of this creditor's claim, as allowed, shall be treated as a general unsecured claim in Class XXV.  This creditor shall have thirty (30) days from the entry of the confirmation Order to file a deficiency claim, if any.  If a claim is not filed, it will be barred.

**206 W. 139 Street, New York, New York**

24.  Class XXIV:  Class XXIV shall consist of the secured claim of **Wells Fargo Home Mortgage** who holds a first mortgage on real property owned by the Debtor in the amount of $1,180,579.68 **(Claim #15)**.

The secured amount allowed shall be amortized for thirty (30) years at four percent interest (4%) per annum and the Debtor will pay to this creditor a monthly payment reflecting the allowed claim amount until the total allowed secured claim is paid in full. Said payments shall commence thirty (30) days from the entry of the confirmation Order.  All pre and post-petition arrearages shall be paid in twenty-four (24) months in equal monthly installments.

25.  Class XXV:  Class XXV shall consist of the **general unsecured** claims.  Creditors in this class shall be paid one hundred percent (100%) of their claim without interest in sixty (60) equal monthly installments commencing thirty (30) days from the entry of the confirmation order.  The source of the funds for payment of this class shall be the revenue derived from the continued rental income.

Promissory Notes will be issued to each creditor in this Class with allowed claims to evidence payments which promissory notes shall be enforceable in any Court of Competent Jurisdiction. (See, *Exhibit "C"* to the Disclosure Statement).

## RETENTION OF JURISDICTION

Until the case is closed the Court shall retain jurisdiction to insure that the purpose and intent of the Plan are carried out. The Court shall retain jurisdiction to hear and determine the following:

a.  The classification of the claim of any creditor and the re-examination of claims which have been allowed for

purposes of voting and the determination of such
objections as may be filed against creditor's claims;

b.  The determination of all questions and disputes regarding
    title to the assets of the estate and the determination
    of all causes, controversies, disputes or
    conflicts whether or not subject to action pending as of
    the date of confirmation between the Debtor and any other
    party included but not limited to any rights of parties
    in interest to recover assets pursuant to the provisions
    of Title 11 of the United States Code;

c.  The correction of any defect, the curing of any omission
    or the reconciliation of any inconsistency in the Plan or
    the Order of Confirmation as may be necessary to carry
    out the purposes and intent of the Plan;

d.  The modification of this Plan after confirmation pursuant
    to the Bankruptcy Rules and Title 11 of the United States
    Code;

e.  The enforcement and interpretation of the terms and
    conditions of this Plan;

f.  The entry of an Order including injunctions necessary to
    enforce  the title rights and powers of parties in
    interest and to impose such limitations, restrictions,
    terms and conditions of such title rights and powers as
    this Court may deem necessary;

g.  The entry of an order concluding and terminating this
    case.

## REQUEST FOR FINAL DECREE IN INDIVIDUAL CASE

The Debtor respectfully requests that upon filing proof the
confirmed Plan of Reorganization is substantially consummated under
Bankruptcy Code Section 1101(2), the Court enter a Final Decree.

**DATED** on this ___27___ day of January, 2010.

_____

INEZ MITCHELL

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this __27__ day of January, 2010, a

true and correct copy of the foregoing **Amended Plan of Reorganization** has been furnished by ■ CM/ECF Electronic Mail to:

Antonio Alonso, *Attorney for JPMorgan Chase Bank, NA*,
antonio.alonso@marshallwatson.com,
jairo.garcia@marshallwatson.com

Connie J Delisser, *Attorney for JPMorgan Chase Bank, NA*,
connie.delisser@marshallwatson.com,
Jairo.Garcia@marshallwatson.com;
Yolanda.Kamperveen@marshallwatson.com

Allison B Duffie, *Attorney for JPMorgan Chase Bank, NA*,
aduffie@fcllaw.com, bknotices@fcllaw.com

Buddy D. Ford, *Attorney for Debtor*, Buddy@tampaesq.com,
Nancy@tampaesq.com;Peggy@tampaesq.com;
Barbara@tampaesq.com;Jane@tampaesq.com;
Jonathan@tampaesq.com;Clay@tampaesq.com

Craig I Kelley, *Attorney for Wachovia Bank, NA*,
cik@kelleylawoffice.com, katrina@kelleylawoffice.com,
nancy@kelleylawoffice.com, ecf@kelleylawoffice.com,
linda@kelleylawoffice.com

Benjamin E. Lambers, *Attorney for the United States Trustees'
Office*, Ben.E.Lambers@usdoj.gov

United States Trustee - TPA USTPRegion21.TP.ECF@USDOJ.GOV

Scott R Weiss, *Attorney for JPMorgan Chase Bank, NA*,
scott.weiss@marshallwatson.com,
Jairo.Garcia@marshallwatson.com

and by ■ Regular U.S. Mail to:

Internal Revenue Service, Attn: Special Procedures, 400 W. Bay
St., Ste. 35045, Stop 5720, Jacksonville, FL 32202

Securities and Exchange Commission, Branch of Reorganization,
3475 Lenox Rd, NE, Ste. 1000, Atlanta, GA 30326-1232

Wells Fargo Bank, N.A., c/o McCalla Raymer, LLC, Bankruptcy
Department, 1544 Old Alabama Road, Roswell, GA 30076

20 Largest Unsecured Creditors.

Respectfully submitted,

BUDDY D. FORD, P.A.,

_____
Buddy D. Ford, Esquire (FBN: 0654711)
Email: *Buddy@tampaesq.com*
115 North MacDill Avenue
Tampa, Florida  33609-1521
Telephone #: (813) 877-4669
Facsimile #: (813) 877-5543
Office Email: *Nancy@tampaesq.com*
Attorney for Debtor

13

Label Matrix for local noticing
113A-8
Case 8:09-bk-21612-KRM
Middle District of Florida
Tampa
Wed Jan 27 14:27:44 EST 2010

Bank Of America
475 Crosspoint Pkwy
Getzville, NY 14068-1609

Bank Of America
4161 Piedmont Pkwy
Greensboro, NC 27410-8119

Bank Of America
4060 Ogletown/Stan
Newark, DE 19713

Broward County Revenue Collection Div
Attn: Hollie N. Hawn, Asst Cty Atty
115 South Andrews Avenue
Fort Luaderdale FL 33301-1895

Chase
PO Box 15298
Wilmington, DE 19850-5298

Citi Mortgage Inc
Attn: Bankruptcy Dept,
Po Box 79022, Ms322
St. Louis, MO 63179

Countrywide Home Lending
Attn: Bkrptcy  SV-314B
Po Box 5170
Simi Valley, CA 93062-5170

Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE 19850-5316

First Horizon Home Loans
4000 Horizon Way
Attn: Bankruptcy
Irving, TX 75063-2260

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Ave, Suite 1120
Miami, FL 33131-1605

HSBC Bank USA, NA
Law Offices of Marshall C Watson PA
Attn: Scott Weiss, Esq.
1800 N.W. 49th Street, Suite 120
Ft Lauderdale FL 33309-3092

JPMorgan Chase Bank NA
Law Offices of Marshall C Watson PA
c/o Connie Delisser, Esq.
1800 NW 49th Street, Suite 120
Fort Lauderdale, FL 33309-3092

JPMorgan Chase Bank, N.A.
c/o Ben-Ezra & Katz, P.A.
Attn: Allison B. Duffie
2901 Stirling Road #300
Fort Lauderdale, FL 33312-6529

JPMorgan Chase Bank, NA
Law Offices of Marshall C Watson, PA
Attn: Antonio Alonso, Esq
1800 NW 49th Street Suite 120
Fort Lauderdale, FL 33309-3092

Plymouth Park Tax Services LLC
115 S. Jefferson Rd - Bldg D-1
Whippany, NJ 07981-1029

United States Trustee
Attn: Benjamin E. Lambers
Timberlake Annex
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

(p)WACHOVIA BANK NA
PO BOX 13765
ROANOKE VA 24037-3765

Wachovia Bank, N.A.
c/o Craig I. Kelley
1665 Palm Beach Lakes Blvd.
Suite 1000
West Palm Beach, FL 33401-2109

Wachrl
Po Box 3117
Winston Salem, NC 27102-3117

Washington Mutual Mortgage
Attn:  Bkcy Dept, JAXA 2035
7255 Bay Meadows Way
Jacksonville, FL 32256-6851

Wells Fargo Bank, N.A.
c/o McCALLA RAYMER, LLC
Attn: A. Michelle Hart, Esq
1544 Old Alabama Road
Roswell, GA 30076-2102

Wells Fargo Home Mtg
Attn:  Bkrptcy Dept  MAC-X
3476 Stateview Blvd.
Fort Mill, SC 29715-7200

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Wachovia Bank Na/ftu
Po Box 3117
Winston Salem, NC 27102

End of Label Matrix
Mailable recipients    22
Bypassed recipients     0
Total                  22